OFFICE OF THE

# DISTRICT ATTORNEY

ORANGE COUNTY, CALIFORNIA

**TONY RACKAUCKAS, DISTRICT ATTORNEY**

**JIM TANIZAKI**
SENIOR ASSISTANT D A
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**WILLIAM FECCIA**
SENIOR ASSISTANT D A
SPECIAL PROJECTS

**MARY ANNE MCCAULEY**
SENIOR ASSISTANT D A
BRANCH COURT OPERATIONS

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D A
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL R. MAJOR**
CHIEF
BUREAU OF INVESTIGATION

**LISA BOHAN - JOHNSTON**
DIRECTOR
ADMINISTRATIVE SERVICES

July 2, 2010

Adam J. Krolikowski, Esq.
1200 Main Street, Suite H
Irvine, CA  92614

Re:  Craig F. Montielh v. Federal Bureau of Investigation, et.al.

Dear Mr. Krolikowski:

The District Attorney (DA) received a Subpoena on May 25, 2010, seeking the production of records on or before June 21, 2010, in the above-referenced case.  The DA faxed and mailed a letter on May 18, 2010, indicating that more time would be necessary to review the file with County Counsel, due to the high volume of sensitive financial documents contained in the DA's file.  After further review, pursuant to the Federal Rules of Civil Procedure, Rule 45(c)(2)(B), the District Attorney, as a non-party witness, objects to the inspection/copying of the requested documents for the reasons indicated below.

Essentially you are seeking the DA's entire case file regarding the prosecution of Orange County Superior Court case 07HF2373.

The District Attorney objects to your Subpoena on the ground that the information you seek is privileged under federal official information privilege.  See, *Kelly v. City of San Jose*, 14 F.R.D. 653, 669 (1987) (Northern Dist.).  See also, *Miller, et al. v. Pancucci, et al.*, 141 F.R.D. 292, 300 (1992) (Central Dist.); *Hampton v. City Of San Diego, et al.,* 147 F.R.D. 227, 230 (1993) (Southern Dist.); *Chism v. County of San Bernardino, et al.,* 159 F.R.D. 531, 533 (1994) (Central Dist.); *Hogan v. Fresno County 2006 U.S. Dist. LEXIS 33531 (2006), National Congress for Puerto Rican Rights v. City of New York,* 194 FRD 88 (2000).  Although this case is closed, the matter contains detailed information on the investigation and prosecution of Defendant Craig Montielh and would reveal information on how the DA prosecutes other cases such as this one.

Further, the victims and any other witnesses named in the records you seek, have a California state constitutional right to privacy in any records held by the DA.  The case file contains a banker's box of confidential information belonging to the victims including financial records, identifiers such as social security numbers and other confidential information.  As the custodian of records containing personal information, the

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE

WEB PAGE: www.OrangeCountyDA.com

☒ MAIN OFFICE
401 CIVIC CENTER DR W
P O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ NORTH OFFICE
1275 N. BERKELEY AVE
FULLERTON, CA 92631
(714) 773-4480

☐ WEST OFFICE
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ SOUTH OFFICE
30143 CROWN VALLEY PKWY
LAGUNA NIGUEL, CA 92677
(949) 249-5026

☐ HARBOR OFFICE
4601 JAMBOREE RD
NEWPORT BEACH. CA 92660
(949) 476-4650

☐ JUVENILE OFFICE
341 CITY DRIVE SOUTH
ORANGE, CA 92668
(714) 935-7624

☐ CENTRAL OFFICE
401 CIVIC CENTER DR  W
P O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952

DA has a duty to assert the state constitutional right to privacy that the victims and any other individual may have in their records.  Cal. Const. Art. I, Sec. 1; *Times-Mirror Co. v. Superior Court* (1988) 198 Cal.App.3d 1420; *Binder v. Superior Court* (1987) 196 Cal.App.3d 893, 900.  ("The custodian [of private information] has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of [it] is entitled to expect that his right will be thus asserted.  And, of course, the custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection.") *Craig v. Municipal Court* (1979) 100 Cal.App.3d 69 (discussing right of privacy of individuals who were not convicted of crime).

Although the District Attorney's objections are based upon state law privileges, federal courts have given weight to privacy rights protected by state constitutions or statutes, and ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.  See, *Soto v. City of Concord* (N.D. Cal. 1995) 162 F.R.D.603, 616.  Additionally, privileges created by state law are applicable in diversity actions under Fed. R. Evid. 501.  See, *Blackledge v. Martin K. Elby Constr. Co.*, (8th Cir. Neb. 1976) 542 F.2d 474.

Finally, the DA files contain confidential attorney work product information which is privileged from disclosure.  Your request as written is extremely overbroad and must be narrowed.

Notwithstanding our objections, the District Attorney is willing to discuss various options by which we can resolve this issue, including the possibility of a Stipulated Protective Order.  Such Order would strictly limit the extent to which these documents could be reproduced, used and released in the future, and the DA would insist on certain redactions to protect the third party witnesses and victims in the case.

If you are still interested in obtaining documents from the DA's file, please draft a protective order for the DA's and County Counsel's review so we may ensure the continuing confidentiality of the victims' financial and personal information.  We are willing to meet and confer to address any concerns you may have. I can be reached at 714-347-8607.  Thank you for your cooperation.

Sincerely,

Erin Rowe,
Deputy District Attorney