UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-00102 JVS(RNBx)                 Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:  **(IN CHAMBERS) Order Granting in Part and Denying in Part Defendants City of Irvine and Ronald Carr's Motion to Dismiss Plaintiff's Second Amended Complaint (fld 9-22-10) ; Defendant Barbara Walls' Motion to Dismiss Plaintiff's Second Amended Complaint (fld 9-22-10); AND  Defendant USA's Motion to Dismiss For Lack of Jurisdiction  (fld 10-1-10)**

This action arises out of plaintiff's association with the Federal Bureau of Investigation ("FBI") as a confidential informant and his arrest and incarceration in the Orange County Jail.  The Court previously dismissed a number of claims filed by plaintiff in the First Amended Complaint.  See Docket Nos. 59-61.  Thereafter, plaintiff filed the Second Amended Complaint ("SAC"), which defendants now move to dismiss (Docket Nos. 70, 72, and 73).

After the hearing on this matter, plaintiff filed a Request for Judicial Notice, asking the Court to take judicial notice of a newspaper article regarding plaintiff's work for the FBI. (Docket No. 84.)  The Court denies this request; the article has no relevance to the Court's current inquiry, and it is not a proper matter for judicial notice.  Fed. R. Evid. 201.

## I. Plaintiff's Claims

The first cause of action is brought pursuant to 42 U.S.C. § 1983 and is asserted against defendants Detective Ron Carr ("Carr") and the City of Irvine ("the City"). Plaintiff alleges Fourth Amendment and Fifth Amendment violations based on defendants' use of excessive force in transporting him away from the jail and forcibly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |
|---|---|

subjecting him to a polygraph examination, without the benefit of counsel, and without due process, consisting of interrogation regarding potential criminal matters involving plaintiff. SAC ¶ 124(a)-(c). Based on the same underlying facts, plaintiff alleges Fourth, Fifth, Sixth, and Eighth Amendment violations, including violations implicating <u>Monell</u> liability, based on the City's failure to supervise and train Irvine police officers, including Carr and Detective Jahid, based on the failure to enforce state law and the federal Constitution regarding the "use of force and interrogations performed by members of the police force," and based on the issuance of "vague, confusing, and contradictory policies" regarding the use of force and interrogations. SAC ¶ 125(a)-(b); ¶ 126. Additionally, plaintiff asserts a <u>Monell</u> "policy" claim, alleging the City maintains a policy and custom of using excessive force, resulting in Fourth, Fifth, Sixth and Eighth Amendment violations. SAC ¶ 127.

The second cause of action is also brought pursuant to 42 U.S.C. § 1983 and against defendants Carr and the City. It is based on Carr's revelation to other inmates of the Orange County Jail that plaintiff was an informant, which resulted in that information being spread among the inmates by word of mouth and plaintiff being labeled "a snitch," which, in turn, placed plaintiff's life and safety in jeopardy because of the prevailing view of "snitches" among the incarcerated. <u>See</u> SAC ¶¶ 131-136. Plaintiff alleges these actions violated the First, Fourth, and Fourteenth Amendments. SAC ¶ 144. Plaintiff makes the same <u>Monell</u> allegations in connection with this claim as he does with the first cause of action. SAC ¶¶ 141-142.

The third cause of action is a <u>Bivens</u> claim against defendant FBI Assistant Special Agent in Charge Barbara Walls ("Walls"), Carr, and the City. It appears to the Court to be based on the same actions complained of in the first and second causes of action, alleging that these actions constitute violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments. <u>See</u> SAC ¶¶ 146-147, ¶ 131 (Walls involved in interviewing inmates at Orange County Jail), ¶ 76 (Walls "ordered" polygraph examination). Additionally, plaintiff bases his <u>Bivens</u> claim regarding disclosure of his work as an FBI informant on a Ninth Amendment right to privacy. ¶ 147 (alleging "an invasion of plaintiff's right to privacy as guaranteed by the Ninth Amendment to the United States Constitution").

The Fourth Cause of action is asserted against the United States of America ("the United States") pursuant to the Federal Tort Claims Act ("FTCA"). It is based on negligence in connection with the polygraph examination and the disclosure that plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date   February 16, 2011 |
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. | |

was an informant. SAC ¶¶ 160-163.

The Fifth Cause of action is also asserted against the United States pursuant to the Federal Tort Claims Act ("FTCA"). It sets forth a more novel theory for liability on the basis of negligent infliction of emotional distress. Specifically, plaintiff alleges that, in breach of its duty to him as a confidential informant to "exercise reasonable care in [his] handling," the United States caused him to engage in certain illegal activities relating to his actions as an informant, resulting in emotional distress. SAC ¶¶ 181-183. The claim is also based on the requirement that plaintiff submit to a polygraph examination and the disclosure that plaintiff was an informant. SAC ¶ 184-185.

## II. Legal Standards for Dismissal

### A.     Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For a facial attack on subject-matter jurisdiction, the Court accepts all allegations in the complaint as true. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). However, for a factual attack, the Court "need not presume the truthfulness of the plaintiff's allegations." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

### B.     Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)          Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

conclusory statements, do not suffice." <u>Id.</u>  Nor must the Court "accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> at 1949-50 (quoting <u>Twombly</u>, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

On a motion to dismiss, the Court is generally limited to considering the contents of the complaint. <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006). However, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the [claimant's] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." <u>Id.</u>  "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" <u>Id.</u> (quoting <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003)).  The Court may also consider evidence that is the proper subject of judicial notice.  <u>Intri-Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1052 (9th Cir. 2007).  The Court may take judicial notice of matters of general public record.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1198 (9th Cir. 1988).

Presently before the Court are three Motions to Dismiss.

### III. Motion to Dismiss of Defendants Carr and City of Irvine

Although plaintiff raises arguments addressing whether he has stated a <u>Monell</u> claim against the City, <u>see</u> Opp. at 18-21, and whether a <u>Bivens</u> claim may be asserted against the City and defendant Carr, <u>see</u> Opp. at 13-18, plaintiff does little to argue in support of any underlying substantive constitutional claim that would support these claims.

**A.      § 1983 Claims Against Defendant Carr**

**1.      First Cause of Action:  Polygraph Examination**

Plaintiff's first cause of action relates to his polygraph examination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

Plaintiff argues his transport from the Orange County jail to another location and that his restraint in chains and shackles violated the Fourth Amendment.  Plaintiff fails to set forth factual allegations as to what actions were undertaken by defendant Carr personally, other than to state he was "present" at the polygraph examination.  SAC ¶ 77. Individual capacity claims must be based on the individual's actions.  See Jones v. Williams, 297 F.3d 930, 939 (9th Cir.2002) ("We reject the idea that mere presence at a search or membership in a group, without personal involvement in and a causal connection to the unlawful act, can create liability under section 1983.").  This claim is insufficiently alleged against defendant Carr.

Plaintiff argues that he was subjected to a polygraph examination without his consent, without the benefit of counsel.  Again, plaintiff doesn't set forth factual allegations implicating defendant Carr in the failure to secure the presence of counsel; thus, this claim is insufficiently pleaded as to defendant Carr.  Moreover, to the extent that plaintiff complains that he was denied his constitutional right to counsel with respect to questioning regarding the crime which forms the underlying basis of his conviction, this claim is barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), and is therefore dismissed with prejudice.[1]  See e.g., Herships v. Superior Court of Santa Clara County, No. C 06-6644 JF (RS), 2009 WL 347274, at *2  (N.D. Cal. Feb. 6, 2009) (collecting cases).

2.      **Second Cause of Action:  Disclosure of Plaintiff's Statue as a Confidential Informant**

Plaintiff advances four theories predicated on the disclosure of plaintiff's informant status.

---

[1]  This is also true to the extent plaintiff's Fifth Amendment claim, which plaintiff fails to defend in his Opposition, is based on a failure to read him his Miranda rights prior to the polygraph examination. See e.g., Hernandez v. Department of Corrections, No. C 02-2580 SI (PR), 2002 WL 1837809, at *1 (N.D.Cal. Aug. 6, 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                     Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

*First Amendment*

Plaintiff fails to explain how this disclosure violated his First Amendment rights. The Court can perceive no basis for such a claim consistent with those facts already alleged in the SAC.  As such, the First Amendment claim is dismissed with prejudice.

*Fourth Amendment*

Nor does plaintiff defend his Fourth Amendment claim; the Court dismisses it with prejudice as well.

*Ninth Amendment*

In a novel argument, plaintiff contends that his right to privacy under the Ninth Amendment was violated by the disclosure.  Opp. at 21 (citing two ground-breaking Supreme Court right-to-privacy cases, Griswold v. Connecticut, 381 U.S. 479, 483 (1965) (right to contraceptive use) and Roe v. Wade, 410 U.S. 113, 153 (1973) (right to terminate pregnancy)).  Plaintiff relies on Doe v. Borough of Barrington, 729 F.Supp. 376 (D.N.J. 1990), in support of his argument.  Doe held that police officers' disclosure to neighbors of arrestee the arrestee's HIV-positive status was, in the absence of a compelling state interest supporting the disclosure, unconstitutional.  Id. at 382-65.  This conclusion was grounded in the Third Circuit's recognition of a privacy right in medical records and medical information.  Id. at 382.

No such right to privacy is implicated here.  Plaintiff does not seek to protect a right to privacy related to medical status, pregnancy, contraception, child-rearing, or any area related to those areas that have been recognized as within the protections of the Constitution.  See Erwin Chemerinsky, Implied Fundamental Rights, 700 PLI/Lit 167, 171 (2003) (identifying recognized "implied fundamental rights concerning privacy and autonomy" as the right to family autonomy (including the right to marry, the right to custody of minor children, and the right to keep the family together), the right to reproductive autonomy (including the right to procreate, to purchase and use contraceptives, and to abortion), the right to medical care decisions, and the right to private sexual activity).  Instead, plaintiff's claim is based upon the disclosure by law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                 Date   February 16, 2011

Title      Craig F. Monteilh v. Federal Bureau of Investigation, et al.

enforcement officers of plaintiff's role in their investigation.  There is no authority suggesting a constitutional right to be free from such disclosure.  Accordingly, the Court dismisses this claim with prejudice.

*Fourteenth Amendment*

Plaintiff's Fourteenth Amendment claim fares better.  It its August 30, 2010, Order (Docket No. 61), the Court suggested, in response to an argument raised by plaintiff, that he might be able to plead a Fourteenth Amendment claim based on the disclosure of his informant status to fellow inmates; however, because the FAC did not set forth such a claim, the Court declined to consider its merits in the abstract.  Id. at 4-5.  As stated therein, the claim advanced by plaintiff is based on exceptions to the general rule that a state has no affirmative duty to protect citizens from the conduct of third parties:

> "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998) (quoting DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989)). The state may be liable for injury suffered by a prisoner at the hands of another prisoner if it is "deliberately indifferent" to the victim's safety. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).

> Furthermore, while the state does not have an affirmative duty to protect citizens from the conduct of third parties, it may assume such a duty if the state had a role in subjecting the citizen to danger. E.g., Kennedy v. City of Ridgefield, 439 F.3d 1055, 1065 (9th Cir. 2006) (allowing § 1983 claim where an officer allegedly notified a violent suspect of the victim's crime report, resulting in the murder of the victim's husband and assault of the victim); L.W. v. Grubbs, 974 F.2d 119, 121-22 (9th Cir. 1992) (allowing § 1983 claim where a nurse was allegedly forced to work alone with inmate known to be violent, resulting in the assault and rape of the nurse); Wood v. Ostrander, 879 F.2d 583, 588-90 (9th Cir. 1989) (allowing § 1983 claim where an officer allegedly abandoned the victim in a high-crime area, resulting in the victim being raped).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |
|---|---|

Id.

Because plaintiff has not sued his jailors,[2] the Court looks only to whether defendant Carr's conduct placed plaintiff in danger.  The Ninth Circuit has framed the relevant question as whether an officer violated a plaintiff's "Fourteenth Amendment substantive due process by placing [him] in a known danger with deliberate indifference to [his] personal, physical safety."  Kennedy, 439 F.3d at 1061.  To determine this, the Court first examines "whether . . . any affirmative actions by [Carr] placed [plaintiff] in danger that [he] otherwise would not have faced."  Id. at 1062-63.  Second, the Court inquiries as to "whether the danger to which [Carr] exposed [plaintiff] was known or obvious, and whether he acted with deliberate indifference to it.  Id. at 1063.

Here, plaintiff alleges that Carr "told suspected terrorists incarcerated at the Orange County Jail that [plaintiff] was an informant."  SAC ¶ 131.  He also alleges that he was thereafter labeled a "snitch" within the jail community, which in general "subject[s an inmate] to the severest verbal and physical attacks, including murder," and which in particular resulted in his life being placed in danger from actions of other inmates.  See e.g., SAC ¶ 132 (allegations regarding general treatment of "snitches" in jails and prisons); ¶ 92 ("open 'kill order'" placed on plaintiff); ¶ 98 (various groups inmate groups inside prison to which plaintiff was transferred had "hit" orders on plaintiff); ¶ 101 (plaintiff stabbed as a result of being labeled a "snitch").

Defendants argue that plaintiff's informant status was known or suspected in

---

[2]    The "special relationship" exception is based on a plaintiff's limitations based on his incarcerated status; the corresponding duty to protect, therefore, arises on the part of those in whose custody plaintiff is committed.  See DeShaney, 489 U.S. at 199 ("[B]ecause the prisoner is unable by reason of the deprivation of his liberty to care for himself, it is only just that the State be required to care for him."); cf. Hudson v. Palmer, 468 U.S. 517, 526 (1984) (prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates" in their custody).  Plaintiff has not alleged that he was in the custody of the City of Irvine or Carr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |

| | |
|---|---|
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |

various contexts, noting that the mosque he infiltrated sought a restraining order against him, that a letter sent from a reporter suggesting suspicions "in the Muslim community" that plaintiff "work[ed] for the FBI," and that plaintiff's informant status was revealed in open court.  <u>See</u> Motion at 16-17.  However, whether and to what extent (and to whom) it was known that plaintiff was an FBI informant – and more specifically, whether it was known at all to plaintiff's fellow prisoners prior to Carr's disclosure – is a question of fact that cannot be resolved against plaintiff at the pleadings stage.  <u>Cf.</u> <u>C.N.</u> <u>v.</u> <u>Wolf</u>, 410 F.Supp.2d 894, 903 (C.D. Cal. 2005) (denying a motion to dismiss a claim based on school officials' actions in disclosing student's sexual orientation to her parents despite the fact that the student was openly gay at school).  As it stands, plaintiff alleges that his status as an informant was not known within the jail (and prison to which he was transferred) at any time prior to Carr's disclosure.  SAC ¶ 136.  Thus, the allegations survive the first inquiry of whether Carr's actions placed plaintiff in danger he would not have otherwise faced.

As for the second inquiry, that too requires resolution of factual allegations.  In plaintiff's view, a common fate – or, at least, a common threat – awaits all prisoners labeled "snitches."  SAC ¶ 132.  Assuming the truth of this allegation, which the Court must, it is reasonable to infer that Carr, as a law enforcement officer, would have been aware of such a threat.

Indeed, defendants' arguments regarding the second inquiry focus on whether plaintiff's work as an informant was already known when they disclosed it and whether plaintiff requested they protect him while in custody.  <u>See</u> Opp. at 18.  As noted above, whether and to what extent plaintiff's informant status was already known requires resolution of facts.  Whether plaintiff requested defendants protect him could be relevant evidence as to whether the danger was known to Carr and whether he acted with deliberate indifference to it; however, defendants have not suggested that, in order to assert a "danger creation" claim, plaintiff must first seek the assistance of the officer who created the danger in ameliorating it.

Thus, the allegations survive the second and final inquiry of the "danger creation" claim.  The Court therefore concludes that plaintiff has stated a Fourteenth Amendment substantive due process claim, and denies the Motion to Dismiss this portion of plaintiff's second cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 10-00102 JVS(RNBx)                    Date    February 16, 2011

Title    Craig F. Monteilh v. Federal Bureau of Investigation, et al.

## B.    **Monell Claims**

A Monell claim must be supported by a sufficiently pled underlying substantive constitutional claim.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (noting that if an officer has not violated an individual's constitutional rights, "it is inconceivable that [the city] could be liable"); Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978) (holding that municipalities can only be liable when a constitutional deprivation arises from the "execution of a government's policy or custom"); Bias v. Moynihan, 508 F.3d 1212, 1222 (9th Cir. 2007) (in the absence of a triable issue of fact as to the underlying constitutional violations, granting summary judgment in favor of city on Monell claim).  Thus, the Court analyzes plaintiff's Monell claim with respect to the Fourteenth Amendment claim only.

To impose liability on a governmental entity for a civil rights violation, the plaintiff must establish that (1) the governmental entity had a policy or custom; (2) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (3) the execution of the policy or custom directly caused the constitutional violation.  Canton v. Harris, 489 U.S. 378, 385 (1989).  Thus, liability may be imposed only if "the action that is alleged to be unconstitutional implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," Monell, 436 U.S. at 690, or "the city made a 'deliberate' or 'conscious' choice to fail to train its employees adequately."  Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995) (citing Canton, 489 U.S. at 385).  Existence of a custom or policy may be established through evidence of (1) a formal policy or practice that constitutes the standard operating procedure of the governmental entity; (2) the individual who committed the constitutional tort was an official with final policy-making authority; or (3) an official with final policy-making authority ratified a subordinate's unconstitutional action and the basis for it.  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's Opposition makes clear that he bases his Monell claim on (1) a policy or custom (Opp. at 18-19), (2) that an official with final policy-making authority violated plaintiff's constitutional rights (Opp. at 19), and (3) the failure to train (Opp. at 20). Plaintiff has adequately pled the first basis.  See SAC ¶ 141 (alleging that the release of plaintiff's "private and confidential information about Mr. Monteilh's status as a confidential informant . . . was done pursuant to the policy, practice or custom" of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |

| | |
|---|---|
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |

City).  The same is true of the second basis.  See SAC ¶ 86 (noting that the disclosure was made "at the direction of Chief Maggard"); Trevino, at 920 ("As to matters of police policy, the chief of police under some circumstances may be considered the person possessing final policy-making authority.") (citation omitted); cf. id. (declining to impose liability on city where officers involved in fatal shooting of suspect "were not ordered to shoot by the police chief, the City Council or anyone else possessing final policy-making authority").  The third basis is also sufficiently pled.  See SAC ¶ 142(a) (noting that the City "failed to properly train . . . officers . . . in the rights of persons . . . and the protection of confidential information").

The Court denies the Monell claims asserted on these bases.

## C.   **Bivens Claims**

With the third cause of action, plaintiff purports to assert a Bivens claim against the City and Carr.  Such a claim was first recognized by the Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), and provides a remedy for certain constitutional violations by federal agents acting under the color of their authority.  Carr and the City argue that this claim is not cognizable against them.

Certainly plaintiff cites no authority for the proposition that a municipality may be subjected to a Bivens claim.  The Court's research has revealed none; indeed, to the contrary, the Supreme Court has suggested that claims against municipalities for unconstitutional conduct arise, if at all, under Monell and its progeny.  In Iqbal, 129 S.Ct. at 1948, the Court noted that Bivens liability is the "federal analog" to § 1983 suits against state officials and that *respondeat superior* liability is improper under both theories.  Id. (citation omitted).  The Court cited Monell for the proposition that municipalities may not be subjected to "vicarious liability," and noted that "vicarious liability" is inapplicable to either Bivens or § 1983 claims.  Cf. Jett v. Dallas Independent School Dist., 491 U.S. 701, 702 (1989) ("Since our decision in Monell, the Courts of Appeals have unanimously rejected the contention, . . . that the doctrine of *respondeat superior* is available against a municipal entity under a Bivens-type action implied directly from the Fourteenth Amendment.").

The Bivens claim against the City is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

A Bivens claim against Carr, a City of Irvine Police Detective, although unusual, would not be unprecedented.  Plaintiff alleges that Carr was "federally deputized" at all relevant times.  SAC ¶ 146.  Several cases have found that state actors who were deputized by federal agencies were acting as federal agents, subjecting them to Bivens claims. See Allen v. Travis, No. 3:06-CV-1361-M (BH), 2008 WL 4602734, *3 n.2 (N.D.Tex. Oct. 10, 2008) (collecting cases).

Thus, to the extent that the claims against Carr might ultimately, through presentation of evidence, be found to be more properly asserted as Bivens claims, they are subject to the analysis set forth below in connection with Walls' Motion to Dismiss.

**D.     Ruling on Motion to Dismiss of Defendants Carr and City of Irvine**

To the extent the first and second causes of action are based on Fifth Amendment (Miranda rights) and Sixth Amendment (right to counsel) regarding information sought regarding plaintiff's criminal proceedings, they are dismissed with prejudice as barred by Heck v. Humphrey.

To the extent the Court has noted that the first cause of action is deficiently pled, plaintiff is granted leave to amend.

To the extent the second cause of action is based on the First, Fourth, and Ninth Amendments, it is dismissed with prejudice.  The Motion to Dismiss is denied as to the Fourteenth Amendment "danger-creation" claim.

The third cause of action (Bivens claim) against the City is dismissed with prejudice; as to defendant Carr, it is subject to the ruling set forth below as to defendant Walls.

**IV. Defendant Walls' Motion**

The facts and constitutional violations underlying plaintiff's Bivens claim are the same as those underlying his § 1983 claims.  The analysis of those claims therefore has a familiar ring.

**A.     Polygraph Examination**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |
|---|---|

As to the claim that the polygraph examination violated the Fourth Amendment, plaintiff fails to set forth factual allegations as to what actions were undertaken by defendants Wall or Carr personally, other than to state Walls "ordered" the polygraph and that Carr was present at the polygraph examination. SAC ¶¶ 76-77. Moreover, plaintiff does not articulate how Walls' action in "order[ing]" the polygraph examination was unconstitutional. If anything, plaintiff complains about the manner in which the order was carried out, which does not suffice to state a claim. As with § 1983 claims, Bivens claims must be based on the defendant officer's actions; Bivens does not support imposition of vicarious liability. Pellegrino v. United States, 73 F.3d 934, 936 (9th Cir. 1996) ("Bivens liability is premised on proof of direct personal responsibility.") (citation omitted). This claim is deficiently pled against both individual defendants.

As for the claim that plaintiff was subjected to a polygraph examination without his consent, without the benefit of counsel, in violation of the Sixth Amendment right to counsel, plaintiff fails to set forth factual allegations implicating defendants Walls and Carr. Defendant Walls is not alleged to have been present or heard the alleged request for counsel and, as set forth in connection with the § 1983 claim based on the same underlying right, plaintiff fails to allege that Carr was responsible in any way for the failure to secure the presence of counsel; thus, this claim is insufficiently pleaded as to both individual defendants.

Moreover, to the extent that plaintiff complains that he was denied his constitutional right to counsel with respect to questioning regarding the crime which forms the underlying basis of his conviction, this claim is barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994).[3] See e.g., Herships, 2009 WL 347274, at *2 (collecting cases regarding the Heck bar as applied to § 1983 right to counsel claims); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (applying Heck to preclude Bivens claims).

## B.   Ninth Amendment Claim

Plaintiff's novel Ninth Amendment right-to-privacy under the facts alleged in this

---

[3]   This is also true to the extent plaintiff's Fifth Amendment claim is based on a failure to read him his Miranda rights prior to the polygraph examination. See supra note 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

action fare no better under <u>Bivens</u> than they do under § 1983.  In the absence of a possible underlying constitutional violation, this claim fails.

### C.    Fifth Amendment Claim

Thus, the remaining claim before the Court is plaintiff's danger-creation claim arising under the Due Process Clause.[4]  Supporting this claim, plaintiff alleges that in addition to Carr, Walls was responsible for the disclosure of his informant status.  <u>See</u> SAC ¶ 100 ("Mr. Monteilh was attacked several times based upon . . . Walls, and . . . Carr telling inmates at the Orange County Jail that Mr. Monteilh was an informant."); ¶ 131 ("While interviewing suspected terrorists, . . . Walls improperly told the suspected terrorists incarcerated at the Orange County Jail that Mr. Monteilh was an informant.").

This claim raises the question of whether such a claim, clearly cognizable under § 1983, is also cognizable as a <u>Bivens</u> claim.  In its tentative Order, the Court, relying on <u>Lawrence</u> <u>v.</u> <u>United</u> <u>States</u>, 340 F.3d 952, 957 (9th Cir. 2003), noted that the Ninth Circuit has recognized the danger-creation exception as a potential underlying constitutional violation supporting a <u>Bivens</u> claim.  <u>See id.</u> ("In the present case, to allege liability based on the danger-creation exception, the Plaintiff must show that [the federal officers] acted affirmatively, and with deliberate indifference, in creating a foreseeable injury to Plaintiff.").  However, at oral argument, defense counsel convinced the Court that the court in the cited case did not engage in the proper analysis, articulated in a subsequent United States Supreme Court case, <u>Wilkie</u> <u>v.</u> <u>Robbins</u>, 551 U.S. 537 (2007), before making the pronouncement quoted by this Court.  Upon further scrutiny pursuant to the exacting analysis required by the Supreme Court, this Court concludes that a <u>Bivens</u> claim cannot be stated on this theory.

The Ninth Circuit has recently, post-<u>Wilkie</u>, had the occasion to revisit <u>Bivens</u> and

---

[4] Against the state actors, the relevant Due Process Clause is found in the Fourteenth Amendment. Against the United States, the relevant Due Process Clause is found in the Fifth Amendment.  Plaintiff references both the Fifth and the Fourteenth Amendments in connection with his claims based on the disclosure of his informant status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date   February 16, 2011 |
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. | |

its progeny.  See Pollard v. Geo Group, Inc., 607 F.3d 583 (9th Cir. 2010).  "In Bivens, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Id. at 593 (internal quotation marks and citation omitted).  The Supreme Court has recognized Bivens claims only twice more after enunciating the rule therein.  Id.  First, approximately eight years after Bivens, "[i]n Davis v. Passman, 442 U.S. 228, 248-49 . . . (1979), the Court held that the plaintiff stated a cause of action for money damages against her former employer, a member of the United States Congress, for employment discrimination [based on sex] in violation of the [equal protection component of the] Due Process Clause of the Fifth Amendment."  Pollard, 607 F.3d at 593.  Next, one year later, "in Carlson v. Green, 446 U.S. 14, 24 . . . (1980), the Court held that a federal inmate could bring suit for money damages against federal prison officials under the Eighth Amendment."  Pollard, 607 F.3d at 593.  Since those cases were decided, the Supreme Court "rejected invitations to extend Bivens in every new factual and legal context presented after Carlson."  Id. (internal quotation marks and citation omitted).  In the Ninth Circuit's view, in the current era, "[a]lthough Bivens remains intact, it is apparent that the era Justice Scalia referred to as the heady days in which the Supreme Court assumed common-law powers to create causes of action is no more."  Id. (internal alteration marks, quotation marks, and citation omitted).

Thus, the Supreme Court has most recently articulated a two-part test to determine whether Bivens should be extended to imply a claim in a particular circumstance:

> [O]ur consideration of a Bivens request follows a familiar sequence, and on the assumption that a constitutionally recognized interest is adversely affected by the actions of federal employees, the decision whether to recognize a Bivens remedy may require two steps. In the first place, there is the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages. But even in the absence of an alternative, a Bivens remedy is a subject of judgment: the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counseling hesitation before authorizing a new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

kind of federal litigation.

Wilkie v. Robbins, 551 U.S. 537, 550 (2007) (internal quotations and citations omitted).

Courts have found alternative existing processes that preclude a Bivens remedy in a multitude of unique factual contexts.  In Western Radio Services Co. v. United States Forest Service, 578 F.3d 1116, 1122-23 (9th Cir. 2009), the Ninth Circuit found no Bivens claim was available in a land-use dispute regarding national-forest land plaintiff leased from the United States.  There, the agency action regarding the land was subject to administrative review and judicial review (pursuant to the Administrative Procedure Act).  In Benzman v. Whitman, 523 F.3d 119, 125-26 (2d Cir. 2008), the Second Circuit held that a Bivens claim, based on alleged misstatements regarding air quality near ground zero after the September 11, 2001, terrorist attacks, was precluded where Congress enacted statute regarding for claims "arising out of" the attacks that destroyed the World Trade Center Towers.  In Wilson v. Libby, 535 F.3d 697, 704-08 (D.C. Cir. 2008), the Circuit Court for the District of Columbia held that the Office of the Vice President's alleged politically motivated public disclosure that plaintiff's wife was a covert operative on behalf of the United States did not give rise to a Bivens claim because that action could ostensibly be redressed by a claim for violation of the Privacy Act.

In contrast, where there is the complete absence of an alternative existing process, at least one district court has found that a Bivens claim is cognizable.  Specifically, in Padilla v. Yoo, 633 F.Supp.3d 1005, 1020-21 (N.D. Cal. 2009), the court found that there was no alternative existing process available to a United States citizen, designated by the executive branch an "enemy combatant," against a senior administration official who authored series of legal memoranda ostensibly justifying certain actions of the executive branch.  Padilla was held in a military brig for over three and a half years, in harsh conditions of confinement, without access to counsel or the courts.  Id. at 1012-1015.  In concluding there was no alternative existing process available, the court discussed Padilla's unique status as a citizen, rather than alien, "enemy combatant" and the resultant inapplicability of certain enactments applying to alien enemy combatants.  Id. at 1020.

What begins to emerge from these cases is that the first step of the Wilkie test will likely be met where there is at least some manner in which a plaintiff can redress his or her injury, even if that remedy is inadequate or ineffective.  Indeed, generally, circuit courts have found alternative existing processes to preclude Bivens claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title      Craig F. Monteilh v. Federal Bureau of Investigation, et al.

notwithstanding that those processes might leave the plaintiffs without any effective remedies or that <u>Bivens</u> claims would provide greater remedies.  <u>See, e.g.</u>, <u>Western</u> <u>Radio</u> <u>Services Co.</u>, 578 F.3d at 1123 (precluding <u>Bivens</u> claim notwithstanding unavailability of damages or right to jury trial under the APA); <u>Benzman</u>, 523 F.3d at 126 (precluding <u>Bivens</u> claim notwithstanding acknowledgment that plaintiffs might be precluded from maintaining a claim under the identified statute); <u>Wilson</u>, 535 F.3d at 707-08 (precluding <u>Bivens</u> claim even though the Office of the Vice President was expressly exempted from the Privacy Act's coverage provision, effectively depriving plaintiff of any remedy).[5]

Here, plaintiff has an existing alternative remedy.  As explained *infra* section V.A., plaintiff's claims are actionable against the United States under the Tucker Act.  Evident from plaintiff's factual allegations, the thrust of plaintiff's present claim is that he was not treated in accordance with his expectations and agreement with the United States to act as a confidential informant to participate with the National Security Branch of the FBI in "Operation Flex" by "infiltrat[ing] mosques," "spying on the Muslim community," and "gaining the confidence of high priority targets."  SAC ¶¶ 25-26, 28, 30, 34, 159, 181.  Plaintiff does not frame his claims in this manner, but it is clear that the substance of his

----

[5]      Seemingly an open question is whether an alternative process, though in existence, provides a remedy that is so grossly inadequate that it may be found not to meet the first step of the <u>Wilkie</u> test.  <u>Wilkie</u> itself impliedly deferred that question, as did a Second Circuit case; in contrast, the District of Columbia Circuit found that a <u>Bivens</u> claim was precluded notwithstanding acknowledging plaintiffs would be, as a practical matter, left without any remedy because the defendant was expressly exempted from the coverage of the substantive prohibition of the identified alternative remedy.  <u>Compare</u> <u>Wilkie</u>, 551 U.S. at 554 (finding that the "patchwork" of "forums of defense and redress" available to the plaintiff made the first <u>Wilkie</u> inquiry a difficult one to assess, leading Supreme Court to base its decision on second step of <u>Wilkie</u> analysis) <u>and</u> <u>Arar v. Ashcroft</u>, 585 F.3d 559, 572-73 (2d Cir. 2009) (similar) <u>with</u> <u>Wilson</u>, *supra*.  The case before the Court does not require resolution of that question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title      Craig F. Monteilh v. Federal Bureau of Investigation, et al.

claim is that, implicit or explicit in his agreement to act as a confidential informant was the expectation that his identity as an informant would be protected by his handlers. Indeed, it requires no stretch of the imagination, and it is completely reasonable for this Court to infer that one cannot function well as a covert operative when his status as an operative is publicized. Plaintiff has alleged that, as a result of defendant's breach of the agreement to treat him in accordance with the understanding between him and his handlers, disclosure of plaintiff's status as a confidential informant endangered his safety and his life.  SAC ¶¶ 131-137.  As noted below, this claim sounds in contract, and plaintiff potentially has a claim under the Tucker Act, which must be brought in the Court of Federal Claims.  Accordingly, plaintiff's <u>Bivens</u> claim is precluded.

Having found that the <u>Bivens</u> claim is precluded by application of the first <u>Wilkie</u> factor, the Court need not decide whether it would be precluded by the second factor.

### D.      Qualified Immunity

Walls also contends she is entitled to qualified immunity, which extends to both <u>Bivens</u> and § 1983 claims.  <u>See</u> <u>al-Kidd</u> <u>v.</u> <u>Ashcroft</u>, 580 F.3d 949, 957-58 n.8 (9th Cir. 2009) (noting that "[t]he qualified . . . immunity defense[] to [§ 1983 claims and <u>Bivens</u> claims] are the same") (citing <u>Butz</u> <u>v.</u> <u>Economou</u>, 438 U.S. 478, 504 (1978)).  Qualified immunity shields government officials from liability for § 1983 claims when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow</u> <u>v.</u> <u>Fitzgerald</u>, 457 U.S. 800, 818 (1982). In <u>Pearson</u> <u>v.</u> <u>Callahan</u>, __ U.S. __, 129 S.Ct. 808,  (2009), the Supreme Court summarized the purpose of qualified immunity:

> Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."

<u>Id.</u>  (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |
|---|---|

In <u>Saucier</u> v. <u>Katz</u>, the Supreme Court set out a two-step approach for evaluating qualified immunity claims. 533 U.S. 194 (2001). First, the Court must "consider whether a constitutional right was violated by the [official's] conduct." <u>Graves</u> v. <u>City</u> of <u>Coeur D'Alene</u>, 339 F.3d 828, 846 (9th Cir. 2003) (citing <u>Saucier</u>, 533 U.S. at 200-01). Second, the Court must "ask whether the right was clearly established." <u>Id.</u>[6]

Here, because the Court finds that plaintiff's claims against defendant Walls are either deficiently pleaded or not cognizable, it need not consider whether she is protected by qualified immunity at this time. <u>See</u> <u>Wilkie</u> v. <u>Robbins</u>, 551 U.S. 537, 567-68 (2007) ("Because neither Bivens nor RICO gives Robbins a cause of action, there is no reason to enquire further into the merits of his claim or the asserted defense of qualified immunity.").

### E.    Ruling on Walls' Motion to Dismiss

To the extent the Court has noted that the <u>Bivens</u> claim is deficiently pled, it is dismissed without prejudice, and plaintiff is granted leave to amend.

Otherwise, the <u>Bivens</u> claim is dismissed with prejudice.

## V. The United States' Motion

### A.    Contractual Claims

As set forth in the Court's August 13, 2010, Order, the Court has no jurisdiction over plaintiff's claims that sound in contract and that are valued in excess of $10,000. <u>See</u> Docket No. 60 at 6-7 (discussing the Court of Federal Claims' exclusive jurisdiction over such claims). To the extent that plaintiff complains that promises made to him in his role as a confidential informant have been broken, those claims sound in contract. <u>See e.g.</u>, SAC ¶ 159 (referring to "the signed Federal documents describing the agency

---

[6] Although the <u>Saucier</u> Court insisted the first step must be resolved before the second, this ordering of the analytical steps is no longer mandatory. <u>Pearson</u>, 129 S. Ct. at 818.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 10-00102 JVS(RNBx)                Date    February 16, 2011

Title       Craig F. Monteilh v. Federal Bureau of Investigation, et al.

relationship" and describing the relevant duty of care as "a legal duty to exercise reasonable care in the handling of Plaintiff . . . as an informant), ¶ 181 (articulating a five-year relationship, referring internal FBI guidelines regarding the handling of confidential informants, and representations made by FBI agents to plaintiff regarding the FBI's duties to him), SAC Ex. A (noting that plaintiff was a paid confidential informant). This is so even though the claim is that the agents were negligent in the manner in which they performed the contract.  See SGS-92-X003 v. United States, 85 Fed. Cl. 678 (2009) (holding that Court of Claims had jurisdiction over claims by confidential informant based on implied-in-fact contract for her services in exchange for money even though her damages were incurred as a result of the negligent manner in which the contract was performed).

Therefore, to the extent that plaintiff alleges that the agents breached a duty of care toward him with respect to his duties as a confidential informant, this Court lacks jurisdiction over those claims.  See SAC ¶¶ 182-183 (articulating a list of such activities, resulting in plaintiff's "emotional distress and mental suffering").  Because plaintiff defines the relevant duty of care (and the breach thereof resulting from the disclosure of his confidential informant role and the polygraph examination) as arising from the duties imposed by FBI procedures, the claims set forth in the fourth and fifth causes of action all sound in contract and the Court has no jurisdiction over them.

**B.    Tort Claims**

To the extent that the claims against the United States may be more properly viewed as sounding in tort, they are barred as well.

**1.    FTCA Waives Sovereign Immunity**

Generally, as a sovereign, the United States is immune from liability, and is subject to suit only where it has authorized such suits.  Pursuant to Federal Tort Claims Act ("FTCA"), the United States may be liable for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                    Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. Thus, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Supreme Court has interpreted this to mean "the United States waives sovereign immunity under circumstances where local law would make a private person liable in tort." United States v. Olson, 546 U.S. 43, 44-45 (2005) (internal quotation marks omitted).

> **2.     FTCA Claims Subject to an Exhaustion of Administrative Remedies Requirement**

The requirement that a party file an administrative claim before filing an action under the FTCA is jurisdictional. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (construing 28 U.S.C. § 2675). "Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." Id.

A tort claim against the United States is "forever barred" unless the plaintiff has presented the claim in writing to the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The plaintiff may proceed with a claim in court only after the agency has issued its final denial or has failed to act on a claim within six months of its submission. Id.

The United States argues that the current claims exceed the scope of the administrative claim filed with the Federal Bureau of Investigation. The claim, prepared by plaintiff's counsel and dated May 30, 2009, states:

> [Plaintiff] was promised payment of $100,000 and witness protection as part of a broader extraction plan for his performance of services as a confidential information for the . . . FBI . . . . Since on or about December 12, 2007, the FBI failed to perform the extraction plan, has been negligent in handling Mr. Monteilh, and has allowed him to become a target of extremists and other dangerous persons, including but not limited to persons involved in organized crime and jihad. On or about December 12, 2007, Mr. Monteilh was allowed to be arrested, prosecuted, serve time in prison and now be on parole for actions performed at the direction of the FBI in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)                         Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

capacity as a confidential informant.  Mr. Monteilh lost his home, lost his
savings and had his family displaced.  Mr. Monteilh has suffered emotional
distress and physical manifestation of such stress due to the negligence of
the FBI described herein.  Mr. Monteilh is entitled to damages [in the
amount of $10,000.]

United States Motion (Docket No. 73), Ex. A.  The claim also identifies several FBI
officers as witnesses, including defendant Walls.

     An administrative claim under the FTCA need not be extensive, and need only set
forth a brief notice or statement with the relevant federal agency containing a general
description of the time, place, cause and general nature of the injury and the amount of
compensation demanded.  Goodman v. United States, 298 F.3d 1048, 1055 (9th Cir.
2002); see Warren v. United States Dept. of Interior Bureau of Land Management, 724
F.2d 776, 779 (9th Cir. 1984) ("Minimal notice requires claimants to (1) give an agency
sufficient written notice to commence investigation and (2) place a value on the claim.).

     The administrative claim appears to the Court to refer, albeit indirectly, to the
disclosure of plaintiff's informant status by stating that the agents "allowed [plaintiff] to
become a target of extremists and other dangerous persons, including but not limited to
persons involved in organized crime and jihad."  Conversely, the claim does not appear to
refer, even indirectly, to the polygraph examination.  In opposing the present Motion to
Dismiss, plaintiff does not attempt to explain how the administrative claim "contain[s] a
general description of the time, place, cause and general nature of the injury" relating to
the polygraph examination.  Instead, he merely points to the language regarding plaintiff
becoming a target without any elaboration.  Although the Court discerns a connection
with the disclosure of plaintiff's confidential informant status, no such connection can be
inferred with the polygraph examination.

     Thus, the claims against the United States based on the polygraph examination are
barred by the failure to exhaust administrative remedies.  Because the time for presenting
such an administrative claim has passed, the claims based on the polygraph examination,
are dismissed with prejudice as to the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |

| | |
|---|---|
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |

    **2.**      **The Discretionary Function Exception Limits the FTCA's Waiver of Sovereign Immunity**

      Although the FTCA represents a broad waiver of sovereign immunity, that waiver is nevertheless limited by a number of exceptions, including, by no small measure, the "discretionary function exception," which the United States contends precludes plaintiff's claims here.

      The discretionary function exception provides immunity from suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[T]he discretionary function exception serves to insulate certain governmental decision-making from judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008).

      In determining whether a particular act is entitled to discretionary act immunity, the Court must first determine "whether the alleged wrongful conduct violated a specific and mandatory regulation or statute," and if it does, the Court must find that "the conduct is outside the realm of discretion." Oberson v. United States Dept. of Agriculture, Forest Service, 514 F.3d 989, 997 (9th Cir. 2008) (internal quotation marks and citation omitted). Next, assuming "there is no mandatory regulation or statute involved, . . . then [the Court] asks whether the conduct was susceptible to being based upon social, economic, or political policy." Id. (internal quotation marks and citation omitted). Assuming it is, the Court must next ask whether the conduct at issue involves "judgment [that] is of the kind that the discretionary function exception was designed to shield." Id. (internal quotation marks and citation omitted).

      The government bears the burden of proving that the discretionary function exception applies. Id. (internal quotation marks and citation omitted). Whether the exception applies is a question of law for the Court to decide. See Kelly v. United States, 241 F.3d 755, 759 (9th Cir. 2001).

      The thrust of plaintiff's claims against the United States is that its agents conducted themselves in an improper manner in their interactions with him as a confidential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |
|---|---|

informant.  Plaintiff has identified no "specific and mandatory regulation or statute," that governs the agents' conduct in carrying out their law enforcement duties.[7]  Thus, the Court looks to "whether the conduct was susceptible to being based upon social, economic, or political policy."

Plaintiff alleges the agents employed him as a confidential informant in investigations involving "[n]arcotics operations, [m]urder for hire, and [b]ank robberies," as well as for the purpose of "infiltrating [local mosques], surveilling and obtaining intelligence" regarding terrorist activities.  See SAC ¶¶ 21-29.  He alleges the agents subjected him to an improper polygraph examination after he provided information regarding the Islamic community within the Orange County Jail.  SAC ¶¶ 72-85.  Immediately thereafter, agents went to speak to inmates regarding what plaintiff had revealed to them during the polygraph examination, effectively revealing that plaintiff had provided information to the agents, placing defendants in danger from other inmates.  SAC ¶¶ 86-102.

The United States cites several Ninth Circuit cases which have held that law enforcement investigations, even those conducted in violation of agency guidelines, represent the exercise of discretion that falls within the discretionary function exception to the FTCA waiver of sovereign immunity.  See Motion at 12-13.  For example, defendant cites Sabow v. United States, 93 F.3d 1445, 1451-54 (9th Cir. 1996), which held that military officers' actions during the investigation into the death of Marine who died of gunshot wound while under investigation for the alleged misuse of military aircraft were discretionary acts involving considerations of social and political policies.  In doing so, the court noted that "[i]nvestigations by federal law enforcement officials, particularly those involving the U.S. military, clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of a criminal investigation."  Id. at 1453-1454.  By the same token, when

---

[7]    Plaintiff's passing references to "guidelines which the FBI is required to follow concerning its confidential informants," see e.g., SAC ¶ 181, is insufficient. See e.g., Sabow v. United States, 93 F.3d 1445, 1451-54 (9th Cir. 1996) (conducting investigation in violation of investigation guidelines did not preclude application of the discretionary function exception).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |

| | |
|---|---|
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |

considering the Central Intelligence Agency's use in its covert operations of an investment firm, resulting in loss of investments, the Ninth Circuit found that discretionary act immunity applied because the CIA is charged with collecting intelligence and that task "involves elements of judgment and choice."  Frigard v. United States, 862 F.2d 201, 203 (9th Cir. 1988).

Thus, the Court concludes that the agents' actions in pursuing their criminal investigations, which included the decisions on how to use plaintiff as a confidential informant and how to use the information he gathered for them, represent the exercise of discretion intended to fall within the discretionary function exception.

Plaintiff's brief arguments, which do not attempt to address the case law cited by the United States or the elements of the discretionary act immunity analysis, do not compel a contrary conclusion.  Relying on a single an district court opinion, decided over thirty-five years ago in the District of Kentucky, plaintiff contends that the discretionary immunity exception "is intended to insulate rule-making functions of administrative branches from tort liability."  Opp. at 21 (citing Miller v. United States, 378 F.Supp. 1147 (Ky. 1974), aff'd, 522 F.3d 386 (6th Cir. 1975)).  In plaintiff's view, the United States is precluded from the shelter of this immunity because "[t]here are no facts set forth . . . which resolve the issue of whether . . . Defendant was engaged in 'rule-making functions.'" Opp. at 21.  The Miller court drew a distinction between decisions at the operational level and those implicating rule-making functions.  Id. at 1149 ("This section is intended to insulate the rule-making functions of the administrative branches. . . . While negligence on the operational level is not embraced by the statutory exception, tort liability will not be imposed for the failure to promulgate rules deemed necessary by a private litigant.") (internal quotation marks and citations omitted).  That distinction was based on  Dalehite v. United States, 346 U.S. 15, 33-35 (1953), but it was never quite the bright line distinction suggested by the Miller court's dicta and, in any event, any such bright line distinction is at odds with more current Supreme Court descriptions of the scope of the discretionary act immunity exception:

As in Dalehite, it is unnecessary – and indeed impossible – to define with precision every contour of the discretionary function exception. From the legislative and judicial materials, however, it is possible to isolate several factors useful in determining when the acts of a Government employee are protected from liability by § 2680(a). First, *it is the nature of the conduct,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00102 JVS(RNBx) | Date | February 16, 2011 |

| | |
|---|---|
| Title | Craig F. Monteilh v. Federal Bureau of Investigation, et al. |

rather than the status of the actor, that governs whether the discretionary function exception applies in a given case. As the Court pointed out in <u>Dalehite</u>, the exception covers "[n]ot only agencies of government . . . but all employees exercising discretion." 346 U.S., at 33, 73 S.Ct., at 966. Thus, the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee – whatever his or her rank – are of the nature and quality that Congress intended to shield from tort liability.

<u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 813-14 (1984) (italics supplied).

Additionally, plaintiff contends that the United States' argument regarding discretionary act immunity cannot be resolved at the pleadings stage because it is dependent upon the resolution of factual allegations. The Court has resolved no factual disputes against plaintiff. Rather, the Court has merely examined whether plaintiff has met the relevant pleading requirements. <u>See Doe v. Holy See</u>, 557 F.3d 1066, 1084 (9th Cir. 2009) (per curiam) ("[A] plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss."). Plaintiff's allegations do not meet these standards.

**C.     Ruling on United States' Motion**

The United States' Motion to Dismiss is granted, and to the extent that the fourth and fifth causes of action sound in contract, they are dismissed without prejudice.[8] To the extent the fourth and fifth causes of action could properly be viewed as tort claims, they are partially barred as beyond the scope of plaintiff's administrative claim, as falling within the discretionary function exception, or both; therefore, they are dismissed with prejudice.

---

    [8]   The Court's previous Order erroneously dismissed these claims with prejudice.  The present Order **AMENDS** the Court's August 13, 2010, Order (Docket No. 60) to dismiss the contract claims without prejudice, but without leave to replead in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)              Date   February 16, 2011

Title      Craig F. Monteilh v. Federal Bureau of Investigation, et al.

## VI. Conclusion

The Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART**.  As set forth herein, certain claims against the individual defendants, based on their participation in the forced polygraph examination are deficiently pleaded and are therefore dismissed without prejudice, as is the corresponding <u>Monell</u> claim against the City.  Plaintiff has stated a § 1983 claim against defendant Carr, and a <u>Monell</u> claim against the City, based on the "danger-creation" theory under the Fourteenth Amendment Due Process Clause.  Plaintiff's contractual claims against the United States must be brought in the United States Court of Federal Claims; those claims are dismissed without prejudice.  The remainder of plaintiff's claims are dismissed with prejudice.

More specifically, the Motions to Dismiss of defendants Carr, the City, and Walls are **GRANTED IN PART AND DENIED IN PART**.

The Court **DISMISSES WITH PREJUDICE** the first cause of action (§ 1983 polygraph examination claim) to the extent it is based on the Fifth Amendment (<u>Miranda</u> rights) and Sixth Amendment (right to counsel) regarding information sought regarding plaintiff's criminal proceedings.  To the extent the Court has found the first cause of action to be deficiently pleaded, it is **DISMISSED WITHOUT PREJUDICE**.

The Court **DISMISSES WITH PREJUDICE** the second cause of action (§ 1983 disclosure of informant status claim) to the extent it is based on the First, Fourth, and Ninth Amendments.  The Court **DENIES** the Motion to Dismiss the second cause of action, as to both Carr and the City, to the extent it is based on the Fourteenth Amendment (Due Process) claim.

The Court **DISMISSES WITH PREJUDICE** the third cause of action (<u>Bivens</u> claim) as to the City.

The Court **DISMISSES WITHOUT PREJUDICE** the third cause of action (<u>Bivens</u> claim) as to the individual defendants to the extent the Court has noted it is deficiently pleaded.  The remainder of the <u>Bivens</u> claim asserted against the individual defendants is **DISMISSED WITH PREJUDICE.**

The United States' Motion to Dismiss is **GRANTED**.  To the extent that the fourth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-00102 JVS(RNBx)          Date   February 16, 2011

Title   Craig F. Monteilh v. Federal Bureau of Investigation, et al.

and fifth causes of action sound in contract, the claims are **DISMISSED WITHOUT PREJUDICE**.  To the extent the fourth and fifth causes of action could properly be viewed as tort claims, they are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

                                                    :        00

Initials of Preparer          kjt